IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| REX W. BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 190346R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

This matter was submitted to the court after a case management conference, held on August 17, 2020. At that conference the parties agreed that all issues in Plaintiff's complaint should be resolved in favor of Plaintiff except the following issue: whether an Oregon Circuit Court order requiring a defendant in a criminal case to pay a specific amount in restitution to taxpayer (Plaintiff), can be used by the Plaintiff in the tax court to prove the amount of business loss from the crime under Internal Revenue Code (IRC) section 165. The parties agreed to accept the Circuit Court order, in case 17CR42660, as Plaintiff's evidence. Defendant waived the opportunity to present witnesses or submit documentary evidence. In addition to the pleadings and the aforementioned judgment, some facts of the case are taken from the parties' representations at the case management conferences.

Plaintiff owned and operated a "factoring" business during the 2015 tax year. A simplified description of the business is that it loans money on a discounted basis to other businesses based on their outstanding accounts receivable (invoices) and it collects on sums payable to the businesses. Plaintiff became the victim of fraud during the 2015 tax year, when an individual named Mahmod Mark Rez Homayoun diverted payments routed

to Plaintiff's business and forged business checks. Plaintiff provided financial records to the District Attorney's Office to assist in ascertaining the amount of loss he sustained. In 2017, the Oregon Circuit Court for Clackamas County, in convicting Mr. Homayoun of a number of theft crimes, issued a judgment ordering him to pay $120,474 in restitution to Plaintiff as a result of the theft in 2015.

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[1] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

A. *IRC Section 165*

IRC section 165(a)(1) provides a deduction for business losses "sustained during the taxable year and not compensated for by insurance or otherwise." Plaintiff asserts he sustained a business loss during the 2015 tax year, which was not compensated by any source. Plaintiff seeks to deduct the $120,474 in court ordered restitution as a theft loss under IRC section 165. Defendant does not dispute that Plaintiff is permitted some amount of loss deduction, but argues that the court ordered restitution is not enough to prove the exact amount of allowable loss deduction under IRC section 165.

---

[1] References to the Oregon Revised Statutes (ORS) are to 2013.

*B. Criminal Restitution in Oregon*

"When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages" the court will require the defendant to pay restitution in the full amount of the victim's economic damages. ORS 137.106(1)(a). "Economic damages" as used in ORS 137.106 takes on the meaning in ORS 137.103(2), which provides that:

> " 'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

*See,* ORS 31.710. To determine the amount of damages, the district attorney will investigate and present evidence to the judge, who will ultimately make the decision. *See* ORS 137.106(1)(a). While some may have concerns that restitution may equate to more or less than the actual loss amount, the goal of restitution is to put the victim in the exact place they would be in if the crime had never occurred. *See,* Robert T. Manicke, *A Tax Deduction for Restitutionary Payments? Solving the Dilemma of Thwarted Embezzler*, 1992 U. Ill. L. Rev. 593 (1992). In this case, based on Plaintiff's statements the court is persuaded that there were no damages awarded by the Circuit Court pursuant to ORS 137.103(2) that would not also be considered deductible losses under IRC 165. *See* Treas Reg 1.165-7, 1.156.8.

It does not appear that the Legislature intended to make a restitution judgment

binding in every instance. For example, ORS 137.106(3) provides "No finding made by the court or failure of the court to make a finding under this section limits or impairs the rights of a person injured to sue and recover damages in a civil action as provided in ORS 137.109." But, ORS 137.109(2) provides "If conviction in a criminal trial necessarily decides the issue of a defendant's liability for economic damages of a victim, that issue is conclusively determined *as to the defendant* if it is involved in a subsequent civil action." (emphasis added).

The evidence for the amount of Plaintiff's theft loss in this case is primarily supported by a Circuit Court Judgment against a non-party to this case. The use of such judgments as evidence in an unrelated case is controversial. See, Motomura, Hiroshi, *Using Judgements as Evidence*, 70 Minnesota Law Review 979 (1986). The controversy revolves around whether a judgment is inadmissible hearsay and/or whether issue or claim preclusion applies when cases involve different named parties. Fortunately for Plaintiff the Legislature has set a more flexible evidentiary standard for the Tax Court Magistrate Division than for Circuit Courts.[2] ORS 305.501(4)(a) states in pertinent part: "[s]ubject to the rules of practice and procedure established by the tax court, *a magistrate is not bound by common law or statutory rules of evidence* or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice." (emphasis added) The Magistrate Division does not automatically allow the admission of hearsay evidence – admission is subject to the discretion of the magistrate. In this case the court views the Circuit Court judgment as persuasive, but not conclusive,

---

[2] ORS 40.455 states: "Hearsay is not admissible except as provided in ORS 40.450 to 40.475 or as otherwise provided by law."

evidence as to the amount of economic damage due to theft sustained by Plaintiff. Plaintiff has met his evidentiary burden of proof. That shifts the burden of proof back to Defendant. ORS 305.427. There being no contrary evidence on this issue, the court concludes that Plaintiff's economic loss due to theft during the 2015 tax year was $120,474. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted. Plaintiff is eligible for business deduction pursuant to IRC section 165, in the amount of $120,474.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Magistrate Richard Davis and entered on November 25, 2020.*